JEAN HENRI F. LESEC V. THE STATE OF TEXAS

NO. 07-00-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2001

______________________________

JEAN HENRI F. LESEC,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 232
ND
 DISTRICT COURT OF HARRIS COUNTY;

NO. 838692; HON. MARY LOU KEEL, PRESIDING

_______________________________

Before QUINN, REAVIS and JOHNSON, JJ.

Jean Henri F. Lesec appeals his conviction for murder.  Through two points of error, he contends that he was denied effective assistance of counsel and that the trial court erred in overruling his motion for mistrial.  We overrule each issue and affirm.

Background

The State indicted appellant for murdering his estranged wife.  He committed the crime by shooting her with a firearm and repeatedly striking her with a crowbar.  The fatal assault occurred while appellant attempted to converse with the decedent who, at the time, was cleaning their swimming pool at their home.  An argument ensued.  According to appellant, his wife tried to hit him with the crowbar.  However, he wrested the tool from her and struck her with it.  She allegedly recovered from the blow and again came at him.  Thereafter, appellant used the crowbar to hit his wife several times in the head.  So too did he retrieve from the garage a pistol which he had placed there earlier.  Approximately four to five shots were fired at and hit the decedent.  

The gun fire was heard by the couple’s children who were inside the house.  Both youths went to investigate and saw appellant in the yard.  One went outside in an effort to help his mother whom he saw bleeding in the swimming pool.  Appellant then fled the scene.

Law enforcement and medical personnel eventually arrived at the home.  While they were there, appellant phoned to check on the condition of his wife.  Though asked to return, he refused.  Eventually, he hid the handgun used to shoot his wife, ventured to a Harris County Sheriff’s substation, stated that he had shot his wife and surrendered.  While there, an officer voiced concern to another officer about the possibility of some child finding the gun and injuring himself.  Upon hearing that, appellant took the officers to the location where he had hidden the weapon.

Issue One- Effective Assistance of Counsel

Appellant initially contends that the trial court erred in denying his motion for new trial.  He had filed such a motion, contending that his two trial counsel rendered ineffective assistance.   The trial court convened a hearing on the motion and thereafter denied same. 

Standard of Review

The standard of review applicable to claims of ineffective assistance is well-known and will not be repeated here.  We find it sufficient to merely refer the litigants to 
Tong v. State
, 25 S.W.3d 707 (Tex. Crim. App. 2000); 
Thompson v. State
, 9 S.W.3d 808 (Tex. Crim. App. 1999) and 
Beck v. State
, 976 S.W.2d 265 (Tex. App. Amarillo 1998, pet. ref’d) for an explanation of same.

Furthermore, whether the trial court erred in denying appellant’s motion for new trial depends upon whether it abused its discretion.  
Lewis v. State
, 911 S.W.2d 1,7 (Tex.Crim.App.1995).  Next, a decision constitutes an abuse of discretion when it falls outside the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex.Crim.App.1990).  And, in determining whether it falls outside that zone, we defer to the trial court’s resolution of disputed factual issues.  
Guzman v. State
, 955 S.W.2d 85,  89 (Tex.Crim.App.1997).  However, authority permits us to apply law to fact 
de novo
.  
Id.
 

Failure to Present Evidence of Hypoglycemia

Initially, appellant contends that his counsel was deficient because they did not develop the issue of hypoglycemia.  Allegedly, appellant suffered from same at one time or another.  Assuming 
arguendo
 that the purported affect of such a malady on one’s  mental processes is more than junk science, we conclude that the trial court’s decision to reject the contention did not fall outside the zone of reasonable agreement. 
  Our reason for so concluding is two-fold.

First, there is no evidence of record that appellant was undergoing an hypoglycemic attack when he repeatedly beat and shot his wife.  Logic would dictate that before counsel can be held ineffective for avoiding the issue at trial, appellant (who has the burden of proof) must tender some evidence illustrating that he was experiencing an attack at the time.  If he was not, then counsel could hardly be considered ineffective for and appellant could hardly be prejudiced by the decision to eschew the topic.  

Second, at the hearing on the motion for new trial, evidence was presented illustrating that defense counsel did consider the subject.  So too did they discuss it and its affects on the human mental processes with at least one physician.  That physician, who had tested appellant, concluded that appellant “did not exhibit hypoglycemia” and that hypoglycemic individuals do not “normally get violent.”  Furthermore, to the extent that one suffering from hypoglycemia was considered to be irrational and aggressive, trial counsel opined that such characteristics would support the State’s theory that appellant was stalking the decedent.  And, trial counsel deduced that if he were stalking the decedent and acting aggressively, then “that would probably knock out [a] voluntary manslaughter defense.”  So counsel decided to pursue the voluntary manslaughter defense and say nothing of the supposed hypoglycemia.  These circumstances illustrate that trial counsel considered various alternatives and selected the one thought most beneficial to their client.  So too do they provide the trial court with basis to conclude that counsels’ decision was nothing short of a reasonable strategic choice.  Thus, we cannot say that in denying the motion for new trial, the trial court acted outside the zone of reasonable disagreement.  

Failure to Object to the Admission of Evidence Pertaining to and Arising from the Discovery of the Handgun

Next, appellant contends that he was denied effective assistance of counsel because his attorneys did not object to 1) “testimony related to the recovery of a pistol after appellant invoked his right to counsel . . .” and 2) “to evidence derived from the recovery of that pistol.”  Unlike the allegation relating to hypoglycemia, this contention was not factually developed at the hearing on the motion for new trial.  Furthermore, nothing of record describes counsels’ motives, if any, for remaining silent.  Nor does appellant attempt to debunk the mandatory presumption that counsels’ silence was part of some reasonable trial strategy.  
See Tong v. State
, 25 S.W.2d at 712 (requiring appellant to overcome the presumption that the challenged action was sound trial strategy); 
Beck v. State
, 976 S.W.2d at 266 (requiring the appellant to refer us to evidence depicting trial counsel’s motives since we are to presume that counsel’s decisions were found upon reasonable trial strategy until appellant shows otherwise).  Rather, he merely concludes that it was error to forego objection and that the “conduct was deficient.”  

Additionally, trial counsel may have intentionally opted to forego objection because the evidence was potentially admissible as illustrated by 
Rhode Island v. Innis
, 446 U.S. 291, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980).  In 
Rhode Island
, the police arrested an individual for robbery.  While transporting him to the station, officers conversed with each other about the possibility of a child discovering the weapon used by the suspect and injuring himself.  Upon hearing the comment, the suspect directed the officers to the location of the weapon.  The United States Supreme Court held that evidence of a weapon was not subject to suppression
 as fruit of an illegal interrogation.  
Id.
 at 302.  This was so because the comments which spawned the accused’s actions were made during general conversation between two officers.  Nothing of record suggested that they were directed towards the suspect or that the officers should have known that he would have been moved by their comments.  
Id.
 at 302-303.
  Here, the record shows that the officer who uttered concern about the safety of children was speaking to another officer at the time, not to appellant.  Furthermore, and aside from the evidence that appellant was distraught upon arriving at the police station, nothing appears of record suggesting that the officers should have known that appellant would have been moved by their conversation.  And, as to the evidence that appellant was initially distraught when he surrendered, he had asked for an attorney shortly after arriving at the station but before disclosing the location of the weapon.  Asking for an attorney indicates that he had gained sufficient mental composure to appreciate the circumstances before him.  Thus, indicia appears of record suggesting that appellant’s actions were quite voluntary and not the result of an impermissible interrogation.  And, given that the evidence may have indeed been admissible, basis exists for counsel to have opted to withhold uttering a potentially frivolous objection.  
See Butler v. State
, 872 S.W.2d 227, 245 (Tex.Crim.App.1994), 
cert. denied
, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995) (holding that counsel need not object to admissible evidence to be effective).  

In sum, we are left to speculate about counsels’ motives, if any.  And, because appellant failed to present evidence of them or otherwise rebut the presumption that his counsel were motived by sound strategy at the time in question, we conclude that he did not carry his burden of proof.

Issue Two — Mistrial

Finally, appellant argues that the trial court erred in failing to grant its motion for mistrial.  Mistrial was allegedly appropriate because the decedent’s mother, during the punishment phase and at the beginning of her testimony, had uttered from the witness stand that appellant killed her daughter in “cold blood.”  Appellant objected to the utterance, which objection the trial court sustained.  So too did the court instruct the jury to disregard the comment.  However, it overruled the ensuing motion for mistrial.  We overrule the point.

Standard of Review

Whether the trial court erred in denying a motion for mistrial depends upon whether it abused its discretion.  
Ladd v. State
, 3 S.W.2d 547, 567 (Tex. Crim. App. 1999).  

Application of Standard

The outburst occurred after the jury had heard the heinous facts involved and found appellant guilty of murder.  Furthermore, the court admonished the jury to disregard the utterance immediately after it was made, and no further outbursts were made by the witness after the court’s admonishment to the jury.  Moreover, appellant does not argue that the State either 1)  exacerbated the effect, if any, of the outburst or 2) knew that the outburst would be forthcoming.  Nor would the record support such an argument had it been made.  So, these circumstances provide us inadequate basis to hold that the trial court’s admonishment was insufficient to cure any prejudice arising from the utterance.   
See Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996) (holding that we presume the jury abided by the admonishment unless the circumstances were so inflammatory that an admonishment is unlikely to ameliorate the situation). Nor do they provide us basis to conclude that the trial court abused its discretion in denying a mistrial.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn

    Justice

Do not publish.